**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN SO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. **1:08-cv-02091-JR** |
| ) | |
| **LEONARD J. SUCHANEK,** ) | |
| ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT SUCHANEK**

Plaintiff Kevin So ("Kevin So" or "Mr. So"), Pursuant to Rule 33 of the Federal Rules of Civil Procedure, by his undersigned counsel, serves the following set of Interrogatories upon Defendant Leonard J. Suchanek ("Suchanek"). Defendant is directed to answer each of the following interrogatories separately, fully, in writing, and under oath. Defendant is further directed to state any grounds for an objection to any interrogatory with specificity. A true copy of your answers to these interrogatories and objections must be served pursuant to Rule 33 of the Federal Rules of Civil Procedure within the time prescribed by the Court in its Order on the Plaintiff's Motion for Expedited Discovery to the law offices of DAVID G. TRIPP, 2100 Reston Parkway, Suite 420, Reston, Virginia 20191.

**DEFINITIONS AND INSTRUCTIONS**

1.  These interrogatories call for all information known or available to you or to your agents, employees, representatives, partners, or family members.

2. No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory.

3. If you answer any interrogatory by reference to documents from which the answer may be ascertained or derived, you shall:

(a) Specify the documents in sufficient detail to permit them to be located, and then to permit the answer to be ascertained, locate the documents and ascertain the answer.

(b) Identify and produce any computerized information or summaries thereof that you have, or can adduce, by a relatively simple procedure.

(c) Identify and produce any relevant indices, compilations, abstracts, or summaries of the records that are in your possession, custody, or control or that you can readily obtain.

The following definitions are applicable to these interrogatories:

1. "<u>Identify</u>" (with respect to individuals) means give the person's full name, present or last known home and business address, present or last known home and business telephone numbers, present and last known place of employment and job title.

2. "<u>Identify</u>" (with respect to an artificial entity) means give the entity's full name, address and telephone number, state the type of entity (e.g., corporation, partnership, etc.), and identify the state or jurisdiction under whose laws the entity was formed and exists.

3. "<u>Relate to</u>" or "<u>Relating to</u>" means referring to, concerning, describing, evidencing, or constituting.

4. "<u>Communication</u>" includes any transmittal of information, in the form of facts, ideas, inquiries, data, or otherwise, and whether written, oral, electronic, mechanical, or

otherwise and includes notes or memos summarizing, discussing or relating to any verbal communications. The term "communication" includes, but is not limited to, Responding Party's internal and external communications and communications between third parties which are within Responding Party's custody or control.

5. "Document" or "documents" includes all written, typed, printed, transcribed, taped, recorded, filmed, recorded, computer or electronically generated or stored, or graphic materials of every kind and description, however and by whomever prepared, produced, disseminated or made and prepared by any person, that is in the possession, custody, or control of Defendant. The term "document" includes electronically stored data accessible through computer or other information retrieval or data processing systems or devices, together with instructions and all other materials necessary to use or interpret such data compilations. The term also includes the complete original document (or a copy thereof if the original is not available), all drafts, whether or not they resulted in a final document, and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original.

6. "Plaintiff" means Kevin So, including any and all of his present and former agents, employees, associates, attorneys, assigns, predecessors-in-interest, and every other person or entity purporting to act on his behalf or as his representative, including Lucy Lu.

7. "Suchanek" means Defendant Leonard J. Suchanek, including any and all present and former agents, employees, associates, attorneys, assigns, predecessors-in-interest, successors-in-interest, and every other person or entity purporting to act on your behalf or as your representative.

8. "You" or "your" means Suchanek as defined above.

9. "<u>Complaint</u>" shall mean the Complaint filed in this action on or about December 4, 2008, and any amendments thereto.

10. "<u>Account</u>" shall mean and any and all bank or investment accounts (including but not limited to personal, business, joint, trustee, beneficiary, custodian, or other accounts) that you opened, held, maintained, and/or closed at any financial institution from January 1, 2006 through the present.

## INTERROGATORIES

**Interrogatory No. 1:**  Identify each and every individual who assisted you in preparing your Responses to the Requests for Production of Documents served herewith.

**Answer:**

**Interrogatory No. 2:**  Identify each and every individual who assisted you in preparing your Responses to the Requests for Admissions served herewith.

**Answer:**

**Interrogatory No. 3:**  For each Account in which you have received, transferred, or held funds that you originally received from or on behalf of Plaintiff, provide the Account number, the type of Account, the name of the bank or other depository in which the Account is maintained, the address of such bank or depository, and the current balance in such Account.

- 5 -

**Interrogatory No. 4:**  For each response to Plaintiff's Request for Admissions that is anything other than an unqualified admission, describe in detail your reasons for denying the request or qualifying your response to the request, identify the part or parts of the request that caused your denial or qualification, identify the part or parts of the request that are true and correct, and identify all documents related in any way to your response..

**Answer:**

Dated:  December 18, 2008                    Respectfully submitted,

**Kevin So**

        /s/ David G. Tripp
By: _____
      Counsel

David G. Tripp, Esq. (D.C. Bar No. 358958)
**LAW OFFICES OF DAVID G. TRIPP**
2100 Reston parkway, Suite 420
Reston, Virginia 20191
Telephone: (703) 860-2600
Facsimile:  (703) 860-2521
e-mail:  dtripp@tripp-law.com

*Counsel for Plaintiff Kevin So*