**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEVIN SO, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-02091 |
| ) | |
| LEONARD J. SUCHANEK ) | |
| ) | |
|       Defendant. ) | |

**PLAINITFF'S DESIGNATION OF EXPERT WITNESSES**

Plaintiff Kevin So, by his counsel, pursuant to Rule 26 Fed.R.Civ.P., designates the following as expert witnesses expected to testify at trial on Plaintiff's behalf:

**I**     **NAME AND ADDRESS OF EXPERTS:**

1. Mr. David Ross Rosenfeld
   118 South Royal Street
   Alexandria, Virginia 22314
   Telephone: (703) 548-2600

2. Mr. Jules Dorner
   Jules Dorner & Partners, L.L.C.,
   Investigative Consultants
   PO Box 539
   Reisterstown, Maryland 21136
   Telephone: (410) 977-6522

3. Ms. Melissa Wagner
   2383 Generation Drive
   Reston, Virginia 20191
   Telephone: (703) 391-1066

4.     Mr. Robert T. Lee
Principal Consultant
Mandiant
675 North Washington Street, Suite 210
Alexandria, VA 22314
Telephone: (703) 683-3141
Facsimile: (703) 683 2891

II.     SUBJECT MATTER OF EXPECTED TESTIMONY

Mr. David Ross Rosenfeld is an expert in legal ethics, professional responsibility, and the standard of care and fiduciary duties applicable to attorneys. A copy of his resume is attached as **Exhibit A**. It is expected that Mr. Rosenfeld will testify generally as to the following: the matters in the complaint and Defendant's defenses thereto, the standard of care applicable to, and the fiduciary duties and obligations incumbent upon, attorneys generally and defendant Leonard Suchanek ("Suchanek"), specifically, in his representation of plaintiff Kevin So ("So"); the standards of care applicable to attorneys in the management of conflicts of interests, and the conflicts of interest existing between So, Suchanek, and Suchanek's other clients; the standards of care applicable to the attorney-client relationship, the attorney-client relationship between Suchanek and So, and the terms and conditions imposed by Suchanek upon So regarding Suchanek's attorney's fees, costs, and expenses incurred on behalf of So; the standard of care applicable to, and an attorney's fiduciary duties and obligations incumbent upon, an attorney regarding billing practices and the management of client funds and that Suchanek's billing practices and management of So's funds violated those standards, duties and obligations; and the necessity of services provided by Suchanek to So and the reasonableness of the legal fees, costs, and expenses charged by Suchanek to So and incurred by Suchanek on behalf of So. A copy of Mr. Rosenfeld's written report, which contains his findings, opinions, and reasons therefore, is attached as **Exhibit B**.

Mr. Jules Dorner is an expert in funds tracing and financial investigations. A copy of his resume is attached as **Exhibit C**. Mr. Dorner is expected to testify concerning matters stated in the complaint, and the tracing and flow of funds into, out of, and among bank accounts owned or controlled by defendant Leonard Suchanek. He will

also testify as to defenses set forth by Suchanek.  A copy of Mr. Dorner's written report, which contains his findings, opinions, and reasons therefore, is attached as **Exhibit D**.

Ms. Melissa Wagner is proficient in the transcription of Braille transcription to text.  A copy of her resume is attached as **Exhibit E**.  Her expected testimony, if deemed necessary by Plaintiff, would be based upon Braille documents purportedly created by Defendant Leonard Suchanek, including time records.  To date, Defendant has not yet produced Braille documents or time records requested in discovery.  Her testimony would include process and methodology and standard transcription practices and procedures and related software applications.  If these documents are produced, Ms. Wagner will provide testimony concerning their verbatim contents.

Mr. Robert Lee is an expert in computers and computer forensics.  His testimony will be based upon a review of computers used and computer files created by Defendant Leonard Suchanek.   His anticipated testimony would include the following, the subject matter of the complaint, including any amendments, and Defendant's answer(s) and defenses thereto; (ii) document and electronic data storage and management systems; (iii) the operating system and software applications for any computer produced and/or used by Defendants; (iv) system and/or file architecture; (v) recovery of any data; and (vi) authenticity of any electronically stored information and data produced by any party in this case or any non-party.  To date, Defendant has not yet produced computer records and files requested in discovery.  If these computers or files are produced, Mr. Lee will provide testimony concerning them, including their source, date of creation, and dates of modification.  A copy of Mr. Lee's resume is attached as **Exhibit F**.

Plaintiff reserves the right to supplement this report as discovery is not complete at this time. Plaintiff also reserves the right to supplement so as to address any expert reports (or associated materials) provided by any expert of Defendant.

Respectfully submitted,

**Kevin So**

By: /s/ David G. Tripp
     Counsel

David G. Tripp, Esq. (D.C. Bar No. 358958)
**LAW OFFICES OF DAVID G. TRIPP**
2100 Reston parkway, Suite 420
Reston, Virginia 20191
Telephone: (703) 860-2600
Facsimile: (703) 860-2521
e-mail: dtripp@tripp-law.com

*Counsel for Plaintiff/Counter-Defendant*
*Mr. Kevin So*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the foregoing to be served via the Court's Electronic Filing System, upon:

Brian W. Shaughnessy, Esq.
913 M Street, N.W., Suite 101
Washington, D.C. 2001
brian1svg@verizon.net

Date: September 5, 2009

/s/ David G. Tripp
David G. Tripp

4

5