IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN SO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:08-cv-02091-JR |
| v. | ) |
| | ) |
| LEONARD J. SUCHANEK, ESQ., | ) |
| | ) |
| Defendant | ) |

## MOTION TO TAKE DEPOSITION DE BENE ESSE

COMES NOW defendant Leonard Suchanek, by and through counsel, and requests that this Court order a videoconference deposition de bene esse of witness Lucy Lu for use as evidence in this case pursuant to Fed. R. Cir. P. 30(b)(4).

1.      Ms. Lu is a vital witness in this case.  She is a necessary party, a 10% owner of the funds invested, and entitled to 30% of the profits of the venture, according to one of plaintiff's sworn statements.  She was So's partner and representative in most negotiations in this matter: she negotiated the investment at So's instructions, reported to him the events surrounding the investment and most subsequent activity, acted as an intermediary for most communications between the attorneys and So (who claims not to speak or read English and whose deposition was taken on November 14 and 15, 2009), acted on So's instructions for most decisions in this matter.  Perhaps most importantly, Ms. Lu was a co-client of Judge Suchanek along with plaintiff So and signed on the same retainer agreement as plaintiff So; indeed, this case should be dismissed because plaintiff has not joined her as a necessary party as defendant moved in his answer.

2. Ms. Lu was to have been a witness for defendant, although more properly she should be plaintiff's witness, since nearly all oral statements, between So and Suchanek and others, e-mails and faxes may not be admissible unless So calls the person who translated those communications for him and who may have communicated So's instructions to plaintiff. Mr. Lu had made arrangements over a month ago to go to China, including having purchased a ticket, which defendant did not learn of until after it had been done.

3. Ms. Lu, a Canadian citizen and not subject to subpoena, has agreed to give testimony by way of a video deposition before trial which is scheduled for December 7, 2009.

4. Counsel has inquired into the process and has learned that Victory Verbatim, a Toronto court reporting company, has a video conferencing facility that can connect to the District of Columbia Courthouse, which has a number of rooms that can accommodate a videoconference deposition.

5. Counsel has inquired of John Cramer, the District of Columbia Courthouse technical support officer, who has informed counsel that the Courthouse has the capacity to accept such a transmission and has done it on numerous occasions, including for Judge Robertson. Counsel was informed that the attorneys could question Ms. Lu about particular Exhibits by transmitting them by FedEx, fax or emails to Victory Verbatim prior to the videoconference.

6. Counsel has inquired into the matter of oaths and has learned that Victory Verbatim, which is a large, reputable reporting company that has many clients in the United States since Toronto is close to Detroit and Buffalo, has employees that are

authorized by the Commissioner of Oaths to administer oaths in Canada that can support a perjury prosecution if the testimony is false. In addition, on a number of occasions an oath has been administered by a United States notary at the same time.

7.     Because counsel does not have video conferencing capacity in his law office, defendant requests that the deposition be taken in the Courthouse, which is well equipped for a videoconference.

8.     While the Lu testimony can be in the form of a normal videotaped, pretrial deposition, if it is held in the Courthouse, we suggest that the Court be present to participate as the Court would normally do in a bench trail.

WHEREFORE, defendant requests that the Court order that Ms. Lu's testimony be taken during the week of November 30, 2009 at the courthouse for use at trial.

                          Respectfully submitted,

                          _____/S/_____
                          Brian W. Shaughnessy, DCB 089946
                          913 M Street, NW, Suite 101
                          Washington, DC 20001
                          Tel: 202.842.1700
                          Fax: 202.898.1281
                          brian1svg@verizon.net

                          Attorney for Defendant
                          Leonard J. Suchanek

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 25 day of November, 2009, the foregoing pleading was filed electronically and a copy of the foregoing was transmitted through ECF and mailed to: David G. Tripp, 2100 Reston Parkway, Suite 420, Reston, VA 20191; attorney for Plaintiff.

                                                                                         /S/
                                                                    Brian W. Shaughnessy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **KEVEN SO,** ) | ) |
| ) | |
| Plaintiff, ) | ) |
| ) | Case No. 1:08-cv-02091-JR |
| v. ) | ) |
| ) | |
| **LEONARD J. SUCHANEK, ESQ.,** ) | ) |
| ) | |
| Defendant ) | ) |
| ) | |

## ORDER

Upon consideration of defendant's Motion To Take Deposition de bene esse and the entire record herein, it is hereby

ORDERED, this ___ day of November 2009 that defendant's Motion To Take Deposition de bene esse is GRANTED, and may take place in the District Court's Televideo Conference facility Rooms on December 2, 2009 or another date agreeable to both counsel.

_____
JUDGE

Copies to:

David G. Tripp
2100 Reston Parkway, Suite 420
Reston, VA 20191

Brian W. Shaughnessy
913 M Street, NW, Suite 101
Washington, DC 20001